# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

| | |
|---|---|
| **CHARLES DUNCAN PIPPINS,** | )<br>) |
| **Movant,** | )<br>) |
| v. | ) **CIVIL ACTION NO. 3:19-00876**<br>) **(Criminal No. 3:17-00007)** |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Respondent.** | ) |

## O R D E R

Pending before the Court is the United States' "Motion for an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claim of Ineffective Assistance of Counsel and an Abeyance" (Document No. 211), filed on February 19, 2020. In support, the United States asserts that Movant also asserts an allegation of ineffective assistance of counsel against Christian M. Capece. (Id.) Accordingly, the United States requests the following: (1) An Order directing Mr. Capece to file and provide the United States an affidavit responding to Movant's specific claims of ineffective assistance of counsel; and (2) An abeyance of the United States' Response deadline until such time as Mr. Capece has provided a sworn affidavit addressing Movant's allegations. (Id.) It is hereby **ORDERED** that the United States' above Motion (Document No. 211) is **GRANTED**.

Movant's Section 2255 Motion contains allegations of ineffective assistance of counsel by his court-appointed counsel, Federal Public Defender Christian M. Capece. It is hereby **ORDERED** that Mr. Capece shall file an affidavit responding to Movant's specific claims of ineffective assistance of counsel by **March 23, 2020**. The affidavit shall include all the information Mr. Capece believes necessary to fully respond to the claims and shall include as attachments copies of any documents from his file that he believes to be relevant and necessary to a

determination of the specific claims of ineffective assistance of counsel raised by Movant in his Section 2255 Motion. To the extent any documents produced address other aspects of Mr. Capece's representation of Movant, Mr. Capece may redact them. In preparing the affidavit and attachment, Mr. Capece should disclose only that information reasonably necessary to ensure the fairness of these proceedings.

In issuing this Order, the Court has considered the professional and ethical responsibilities of Movant's attorney, as well as the obligation of the Court to ensure a fair, orderly, and efficient judicial proceeding. Clearly, Mr. Capece has a basic duty under the standards of professional conduct to protect Movant's attorney-client privilege. Rule 83.7 of the Local Rules provides as follows:

> In all appearances, actions and proceedings with the jurisdiction of this court, attorney shall conduct themselves in accordance with the Rule of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

The confidentiality of information shared between an attorney and his client is addressed by both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ["ABA"] Model Rules of Professional Conduct. See West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Furthermore, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 on July 14, 2010, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, see, e.g., Jones v. United States, 2012 WL 484663 * 2 (E.D.Mo. Feb. 14, 2012); Employer's Reinsurance Corp. v. Clarendon National Insurance Co., 213 F.R.D. 422,

430 (D. Kan. 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party.

Upon examining the provisions of Rule 1.6 of the West Virginia Rules of Professional Conduct, the undersigned notes subsection (b)(5) permits a lawyer to "reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows, the Supreme Court of Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders to make other arrangements minimizing the risk of disclosure." Furthermore, Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order." Additionally, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to

allegations in any proceeding concerning the lawyer's representation of the client," and Model Rule 1.6(b)(6) allows disclosures necessary to comply with the law or a court order. In view of the foregoing, the undersigned finds that Mr. Capece may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this court and to respond to the allegations of ineffective assistance of counsel.

Now having addressed the professional responsibilities of counsel, the Court turns to its authority and obligations. Federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in Bittaker, Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a federal proceeding. Rule 502(a) of the Federal Rules of Evidence specifically addresses the circumstance of when a party discloses a communication or information covered by the attorney-client privilege in a federal proceeding or to a federal office or agency.[2] According to Rule 502(a),

---

[1] *Also see United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009); *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States*, 2011 WL 2693915 (D.S.C.); *Mitchell v. United States*, 2011 WL 338800 (W.D. Wash.).

[2] The Federal Rules of Evidence generally apply in a § 2255 proceeding, except to the extent that "[a] federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently from" the Rules of Evidence. *See* FRE 1101(a), 1101(b), and 1101(e). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege. *See also Castro v. United States*, 272 F. Supp. 3d 268, 275 (D. Mass. 2017) (holding that "[t]he rules of evidence apply to proceedings under § 2255" and referring to the Advisory Committee note to FRE 1101(d)(3)); *United States v. Scott*, 576 Fed. Appx. 409, 415 (5th Cir. 2014) (concluding that FRE 606(b) foreclosed movant's argument in a § 2255 proceeding); *United States v. McIntire,* Case No. 3:09-cv-359, 2010 WL 374177 (S.D. Ohio Jan. 29, 2010); *Bowe v. United States,* Case no. CR404-308, 2009 WL 2899107 (S.D. Ga. May 20, 2009); *Rankins v. Page,* Case No. 99-1515, 2000 WL 535960 (7th Cir. May 1, 2000); *Ramirez v.*

when the attorney-client privilege is waived by a disclosed communication or information:

> the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Nonetheless, the Court retains authority to issue a protective order governing production of the privileged information, including the method by which the currently undisclosed communication will be disclosed. See Rule 12, Rules Governing § 2255 Proceedings; Fed. R. Civ. P. 26(c); and Fed. R. Evid. 503(d); Also see United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. In order to determine whether an evidentiary hearing is necessary, an affidavit submitted by Mr. Capece would be useful to the Court. Additionally, such an affidavit and any supporting documents should supply the basic information needed by the United States to allow it to respond to Movant's Section 2255 Motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

Next, the undersigned finds that a specific court-imposed limitation on the use of the privileged information is necessary to protect Movant's future interest. As noted by the Fourth Circuit, a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a Section 2255 proceeding is entirely justified because otherwise, the movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." United States v. Nicholson, supra, 611 F.3d at 217(quoting Bittaker, supra, at 722-23). Therefore, it is hereby **ORDERED** that

---

*United States,* Case No. 96 CIV 2090, 1997 WL 538817 (S.D.N.Y Aug. 29, 1997). Moreover, Fed. R. Evid. 1101(c) states that "[t]he rules on privilege apply to all stages of a case or proceeding."

the attorney-client privilege, which attaches to the communications between Movant and his former counsel, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding. The affidavit and documents supplied by Mr. Capece shall be limited to use in this proceeding, and the United States is prohibited from otherwise using the privileged information disclosed by Mr. Capece without further order of a court of competent jurisdiction or a written waiver by Movant.

It is further **ORDERED** that the United States shall file an Answer to the allegations contained in the Movant's Section 2255 Motion on or before **April 23, 2020**. Movant may, if he wishes, file a Reply on or before **May 26, 2020**. The Clerk is requested to mail a copy of this Order to Movant, who is acting *pro se*,[3] and to transmit it to counsel of record, as well as Movant's former counsel Christian M. Capece.

ENTER: February 20, 2020.

Omar J. Aboulhosn
United States Magistrate Judge

---

[3] Movant is responsible for notifying the Clerk of Court of any change in his address or other contact information.