**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **CHARLES DUNCAN PIPPINS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:19-00876** |
| | ) | **(Criminal No. 3:17-00007)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 202, pp. 1 – 13) and Memorandum in Support (Id., pp. 14 – 30).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 203.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Criminal Action No. 3:17-00007:**

On January 18, 2017, Movant was charged in a three-count Indictment. (Criminal Action No. 3:17-0007, Document No. 1.) On January 19, 2017, the Federal Public Defender's Office was appointed to represent Movant. (Id., Document No. 12.) The next day, on January 20, 2017, Christian M. Capece filed his Notice of Appearance. (Id., Document No. 15.) By Superseding Indictment filed on February 14, 2017, Movant was charged with one count of conspiracy to

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846 (Count One); one count of distribution of a quantity of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and one count of possession with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Three). (Criminal Action No. 3:17-0007, Document No. 42.)

On March 24, 2017, Attorney Capece filed a Motion to be Relieved as Counsel. (Id., Document No. 64.) The Court granted Attorney Capece's Motion on April 4, 2017, and directed that new counsel be appointed. (Id., Document No. 67.) R. Lee Booten, II was appointed as counsel on April 6, 2017, and he was relieved as counsel on June 22, 2017, due to a conflict of interest. (Id., Document No. 68, 85, and 86.) On June 23, 2017, A. Courtenay Craig was appointed as counsel. (Id., Document No. 87.) On October 30, 2017, the United States filed an Information pursuant to 21 U.S.C. § 851 alleging that Movant had been previously convicted of two felony controlled substance offenses. (Id., Document No. 100.) After Movant notified the Court that he wished to have new counsel appointed, Attorney Craig was relieved as counsel on November 3, 2017. (Id., Document Nos. 98 and 104.) On November 6, 2017, Joseph M. Farrell, Jr. was appointed as counsel. (Id., Document No. 105.)

On January 8, 2018, Movant, by counsel, filed a "Motion to Schedule Plea Hearing" regarding the entry of a guilty plea to Counts Two and Three of the Superseding Indictment. (Id., Document No. 112.) On January 16, 2018, Movant pled guilty, without a plea agreement, to Counts Two and Three of the Superseding Indictment. (Id., Document Nos. 116, 118 and 119.) On January 22, 2018, the Court conducted a Plea Hearing regarding Movant's anticipated plea of guilty to Count One of the Superseding Indictment. (Id., Document No. 134.) After hearing Movant's

comments, the District Court determined that Movant had not admitted a sufficient factual basis for the guilty plea. (Id.) Thus, the District Court rejected the guilty plea and directed that the matter would proceed to trial as scheduled. (Id.) Following a three day jury trial beginning on January 23, 2018, Movant was convicted as to Count One of the Superseding Indictment. (Id., Document Nos. 137, 141, 143, and 145.) On January 26, 2018, Movant, by counsel, filed a Motion for Judgment of Acquittal and Notice of Appeal. (Id., Document Nos. 150 and 151.) By Order entered on January 30, 2018, the District Court denied Movant's Motion for Judgment of Acquittal. (Id., Document No. 153.) A Presentence Investigation Report was prepared. (Id., Document No. 187.) The District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 36, the Court having applied a four-level enhancement pursuant to U.S.S.G. § 3B1.1(c) because Movant was an organizer, leader, manager, or supervisor in the criminal activity.[2] (Id., Document No. 181 and 187.) The District Court sentenced Movant on June 18, 2018, to a total term of 240 months of imprisonment.[3] (Id., Document Nos. 174 and 179.) The District Court further imposed an eight-year term of supervised release and a $300 special assessment. (Id.)

On June 19, 2018, Movant, by counsel, filed his Amended Notice of Appeal. (Id., Document No. 177.) On appeal, Movant argued as follows: (1) There was insufficient evidence to support his conviction on Count One; (2) The District Court erred in admitting certain evidence; and (3) Movant's sentence was unreasonable. (Id., Document No. 197.) On February 15, 2019, the Fourth Circuit Court of Appeals affirmed the District Court's judgment. (Id.); United States v. Pippins, 761 Fed.Appx. 154 (4th Cir. 2019).

---

[2] Movant's Guideline range was 235 to 293 months. The District Court sentenced Movant within the Guideline range.

[3] Movant was sentenced to 240 months as to each count, to run concurrently.

3

**B.    Section 2255 Motion:**

On December 6, 2019, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 3:19-00876, Document No. 202.) As grounds for *habeas* relief, Movant asserts ineffective assistance of counsel. (Id.) First, Movant alleges that trial counsel acted ineffectively during pretrial plea negotiations by misadvising him of his sentencing exposure. (Id.) Second, Movant claims trial counsel acted ineffectively by failing to object to Tonya Thompson's testimony as improper Rule 404(b) evidence. (Id.) Finally, Movant argues that trial counsel acted ineffectively at sentencing "by failing to argue that the district court erred in failing to instruct the jury to determine the quantity of drugs attributed to each individual defendant." (Id.) As relief, Movant requests that this Court "set aside his sentence of 240 months and allow him to accept the Government's plea offer of 78 to 97 months of imprisonment pursuant to Rule 11 of the Federal Rules of Criminal Procedure, or in the alternative, vacate his sentence and remand for resentencing based upon the ineffective assistance of counsel [Movant] received at sentencing." (Id.)

By Order entered on December 11, 2019, the undersigned directed trial counsel, Joseph M. Farrell, Jr., to file an affidavit responding to Movant's claims of ineffective assistance of counsel and the United States to file its Answer. (Id., Document No. 205.) Attorney Farrell filed his Affidavit on January 2, 2020. (Id., Document No. 208.) On February 19, 2020, the United States filed a "Motion for an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claim of Ineffective Assistance of Counsel and an Abeyance." (Id., Document No. 211.) In support, the United States noted that Movant also asserted an allegation of ineffective assistance of counsel against Christian M. Capece. (Id.) By Order entered

on February 20, 2020, the undersigned granted the United States' Motion. (Id., Document No. 212.) Attorney Capece filed his Affidavit on April 10, 2020. (Id., Document No. 214.) On May 11, 2020, the United States filed its Response in Opposition to Movant's Section 2255 Motion. (Id., Document No. 215.) The United States argues that Movant's Section 2255 Motion should be denied because Movant "has failed to show either Attorney Capece's or Attorney Farrell's performance was deficient, and thus, has not established that he received ineffective assistance of counsel." (Id.) Accordingly, the United States requests that Movant's Section 2255 Motion be denied. (Id.) On June 9, 2020, Movant filed this Reply. (Id., Document No. 218.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "[her] sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish [her] grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct

5

appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup

6

v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1.      **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to

7

have rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's
tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v.
United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant
must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068;
Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere
mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v.
Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant
is represented by counsel whose performance is not constitutionally ineffective under the standard
established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the
risk of attorney error that results in a procedural default.") The movant must therefore show (1)
that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so
serious that his performance "fell below an objective standard of reasonableness" and (2) that his
attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair
or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald
v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117
L.Ed.2d 456 (1992).

A.    ***Attorney Capece's alleged ineffectiveness regarding plea negotiations:***

In his Motion, Movant first alleges that Attorney Capece failed to correctly advise Movant
of his sentencing exposure during plea negotiations. (Civil Action 3:19-00876, Document No. 202,

pp. 16 – 20.) Specifically, Movant complains of the following:

> Mr. Capece stated in his 'case summary' that 'a base offense level of 16 and Criminal History Category of II translates into a sentencing guidelines range of imprisonment of 24 – 30 months. If [Movant] plead guilty to Count Two and/or Count Three, then he would receive an additional three level reduction to [Movant's] base offense level. Therefore, [Movant's] advisory Guidelines range would be lower.

> Counsel also asserted that 'if [Movant] was convicted of Count One following a trial, then his sentencing guidelines range would be 168 – 210 months of imprisonment (base level 34/category II). If [Movant] pled guilty to Count One, then the sentencing guidelines range would be 121 – 151 with the three level reduction for acceptance of responsibility.

> Counsel did not mention to [Movant] that he would subject himself to mandatory minimum of 10-years, nor did counsel mention to [Movant] that the sentencing judge must consider the relevant conduct of the alleged 15,000 grams of heroin distributed in the conspiracy.

(Id., pp. 19 – 20.) Movant, therefore, argues that the foregoing constituted "erroneous plea advice" by Attorney Capece that resulted in prejudice to Movant. (Id.)

In his Affidavit, Attorney Capece first explains that Movant's references to a "case summary" provided by Attorney Capece concerns a March 6, 2017 letter that Attorney Capece mailed to Movant. (Id., Document No. 214.) Attorney Capece states that the March 6, 2017 letter "addressed numerous issues related to [Movant's] then pending three count Superseding Indictment." (Id., p. 2.) Second, Attorney Capece states that "on page five of the attached letter the undersigned alerted [Movant] that he could face a mandatory ten-year sentence should the United States file a Section 851 Notice under 18 U.S.C. § 851 concerning [Movant's] prior felony drug offense conviction." (Id.) Third, Attorney Capece asserts that "on pages 5 and 6 of the attached letter, the undersigned addressed the role relevant conduct plays in the calculation of drug weight under the Federal Sentencing Guidlines" (Id.) Specifically, Attorney Capece states that "on page 6, the undersigned advised [Movant] that '[e]vidence of additional drug weight may be the

9

testimony of a Government witness who states the defendant sold the witness some specific amount of a controlled substance over a period of time'" and "[i]f the Court believes the witness' testimony, then the Court will consider the witness' testimony about the additional drug weight as 'relevant conduct.'" (<u>Id.</u>, pp. 2 – 3.) Finally, Attorney Capece explains that he "indicated on page 8 of the letter that according to evidence disclosed by the Government, a witness claimed [Movant] transported over 15,000 grams of heroin into Huntington, West Virginia." (<u>Id.</u>, p. 3.) Attorney Capece states that he advised Movant that if the Court determined the witness' testimony to be creditable, the Court could consider the 15,000 grams of heroin as relevant conduct and increase Movant's base offense level to 34. (<u>Id.</u>) As an Exhibit, Attorney Capece attaches a copy of the March 6, 2017 letter addressed to Movant. (<u>Id.</u>, Document No. 214-1.)

In Response, the United States argues that the above claim is without merit. (<u>Id.</u>, Document No. 215, pp. 7 - 10.) Contrary to Movant's claim, the United States asserts that the record reflects that Attorney Capece did inform Movant that he could be subject to the 10-year mandatory minimum sentence and that the Court would consider the amount of 15,000 grams of heroin as relevant conduct to be attributed at sentencing. (<u>Id.</u>) The United States claims that in the March 6, 2017 letter, Attorney Capece accurately advised Movant of his potential sentencing exposure. (<u>Id.</u>, p. 8.) The United States further notes that "Attorney Capece also discussed in the letter how drug amounts may be attributed as relevant conduct, taken into consideration by the sentencing guidelines when calculating a guideline range, and discussed specific drug amounts in defendant's discovery." (<u>Id.</u>, p. 9.) Therefore, the United States concludes that Movant "has failed to show Attorney Capece's representation was deficient in any way whatsoever, and his allegations as to Attorney Capece are simply without merit." (<u>Id.</u>, p. 10.)

In Reply, Movant first argues that Attorney Capece did not mention that Movant could be

"subject to 15,000 grams or 240 months" in Part 5 of Attorney Capece's Scenario. (Id., Document No. 218, pp. 20 – 23, 43 - 46.) Movant claims that "[a]ccording to Mr. Capece, the only relevant conduct that [Movant] would be subject to under Counts 2 and 3 of the superseding indictment would be the $3,657.00 that was seized and converted into its heroin equivalency for a base offense level of 16 and adjusted offense level of 13 with acceptance of responsibility." (Id.) Movant contends that Attorney Capece stated that his advisory Guidelines range would be 15 to 21 months. (Id.) Movant argues that he "pled guilty to Counts 2 and 3 based on this erroneous advice by Attorney Capece" and "he would never have pled guilty to Counts 2 and 3 had he known he would be subjected to 240 month sentence." (Id.) Second, Movant argues that the issue of a 10 year mandatory minimum was "never an issue of contempt or contention" when Attorney Capece was his attorney. (Id.) Movant notes that the Section 851 Notice had not been filed when Attorney Capece was his attorney and Movant was "in no way pressured by it." (Id.) Movant, however, complains that he feels he was "tricked" into stipulating that he conspired to distribute 1 to 3 kilograms under Count Two, which triggered the 10 year mandatory minimum.[4] (Id.)

As to Movant's claim that Attorney Capece was ineffective in failing to advise Movant that he could be subject to the 10-year mandatory minimum sentence and that the Court would consider the amount of 15,000 grams of heroin as relevant conduct to be attributed at sentencing, the undersigned finds his claim to be without merit. A review of the March 6, 2017 letter prepared by Attorney Capece, and received by Movant (referred to as "case summary" by Movant), reveals that Attorney Capece thoroughly and appropriately advised Movant of the above. Concerning

---

[4] Movant is incorrect in his argument that his conviction on Count Two triggered a "10 year mandatory minimum." Due to the Section 851 enhancement, Movant's sentencing exposure on Count One was increased to a mandatory minimum of 10 years to Life. The Section 851 Information was based on two prior felony drug conviction in Michigan.

11

Movant's potential exposure to the 10-year mandatory minimum, Attorney Capece advised

Movant, in pertinent part, as follows:

> Title 18 U.S.C. § 851 gives prosecutors the power to file a document with the Court to inform the Court that the defendant has a prior felony drug conviction. Once the Court accepts the 851Notice, then the Court <u>must</u> enhance the defendant's sentence if the defendant is convicted of the new federal felony drug offense according to the enhanced sentencing provisions of 18 U.S.C. § 841, which also applies to conspiracy charges under 18 U.S.C. § 846.
> What this means in your case is that if AUSA Adams files an 851 and formally informs the Court that you were convicted in 2000 of a felony drug offense in Michigan, then your sentencing exposure on Count One, which is now 5 to 40, rises to a mandatory minimum sentence of 10 years to Life. <u>See</u> 21 U.S.C §§ 841(b)(B); 851. For Counts Two and Three, your statutory maximum sentence would rise to 30 years for each count, though there would still be no mandatory minimum sentence. <u>AUSA Adams has not indicated to me at this time that he intends to file an 851 Notice, but he could.</u>

(<u>Id.</u>, Document No. 214-1, p. 5.)

Next, Movant appears to claim that he was unaware of his sentencing exposure as to Counts

Two and Three. Specifically, Movant argues that he "pled guilty to Counts 2 and 3 based on this

erroneous advice by Attorney Capece" and "he would never have pled guilty to Counts 2 and 3

had he known he would be subjected to 240 month sentence." During the Plea Hearing, Movant

clearly acknowledged that he understood his sentencing exposure. (<u>Id.</u>, Document No. 189, pp. 17

- 20.) Specifically, the following colloquy occurred between the District Court and Movant:

| THE COURT: | Do you understand that you expose yourself to a maximum sentence of up to 20 years of imprisonment for each count for a total of 40 years? |
| --- | --- |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand you would also be subject to supervised release of at least three years for each count? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand that supervised release means, after |

imprisonment, you would be supervised by the probation office under conditions set by the Court, and if you violate those conditions, the Court could send you back to prison for an additional period?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand you could be fined up to a million dollars as to each count?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that notwithstanding the sentencing guidelines, I may impose a term of imprisonment on each count which could then run either concurrently, together, or consecutively, that means one after the other, after considering the factors set forth under the law?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the United States has represented that it has filed an information pursuant to 21 United States Codes Section 851 stating that you're subject to increased punishment by reason of prior drug convictions? Specifically, the information charges that you were conviction in the year 2000 in Michigan state court of the delivery or manufacture of marijuana. And in 2001, you were convicted again in Michigan state court with delivery or manufacture of narcotics up to 50 grams.

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if you do not challenge these prior convictions before I impose the sentence, you may not do so thereafter?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if I find you're subject to increased punishment by reason of these prior convictions, you expose yourself to a maximum penalty of up to 30 years of imprisonment for each count, for a total of 60?

THE DEFENDANT: Yes, sir.

THE COURT:             Do you understand in addition to this, if I find you're subject to increased punishment as a result of these prior convictions, that instead of being subject to supervised release for at least six years, it could be a total of 12 years.

THE DEFENDANT: Yes, sir.

THE COURT:             Do you understand that I could also increase the fine amount from $2 million up to $4 million?

THE DEFENDANT: Yes, sir.

(Id., pp. 17 – 21.) Additionally, the District Court advised Movant of the advisory Sentencing Guidelines and explained how the Guidelines would apply to determine his sentence. (Id., pp. 20 – 22.) The District Court explained that Movant's sentencing guideline range could not be determined until a presentence report was prepared, and both sides had the chance to review and challenge it. (Id.) Movant affirmed that he understood the foregoing. (Id.) Finally, Movant acknowledged that he understood that the sentence imposed by the District Court "could be different from any estimate your lawyer has given you." (Id., p. 22.) Thus, Movant's claim that he was not adequately advised concerning his sentencing exposure is without merit. See Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992). Movant's allegation that he would not have pled guilty if he would have known his sentence would result in 240 months of imprisonment merely suggests that Movant is now suffering "buyer's remorse" regarding his plea deal and ultimate sentence. See Dingle v. Stevenson, 840 F.3d 171, 174 (4th Cir. 2016)("Pleading guilty typically entails a deliberate choice to accept the risks and rewards of a deal, and that decision may not be casually set aside on the basis of buyer's remorse."); See United States v. Jackson, 554 Fed.Appx. 156, 165 (4th Cir. 2014)(Wilkinson, J., dissenting)("Buyer's

14

remorse should not be dressed in the garb of an ineffective assistance of counsel claim."); <u>United States v. Fugit</u>, 703 F.3d 248, 260 (4th Cir. 2012)("Pleading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who reaped advantage from the purchase.").

Concerning the District Courts consideration of the alleged 15,000 grams of heroin as relevant conduct, Attorney Capece advised Movant, in pertinent part, as follows:

> I estimate your sentencing guidelines might be based on the evidence I have seen thus far in your case. Please note that this estimate is based on the information available to me at this time – if additional discovery is provided, my estimate might change. Also, in this letter I review with you estimates for several different – but not all – scenarios that I think are most likely to be relevant in your case.
>
> Drug offenses are calculated based on the total weight of the controlled substance involved, which is this case is heroin. An important factor in calculating drug weight is whether there is relevant conduct. Relevant conduct requires that in drug cases, the offense level reflects "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.2(a)(2). Relevant conduct is sometimes referred to as "ghost dope" because the Government does not have to prove its existence beyond a reasonable doubt. Instead, at the sentencing hearing the Court may find by the lower preponderance of the evidence standard that a defendant is responsible for additional drug weight. Evidence of additional drug weight may be the testimony of a Government witness who states that the defendant sold the witness some specific amount of a controlled substance over a period of time. If the Court believes the witness' testimony, then the Court will consider the witness' testimony about additional drug weight as "relevant conduct." Another way for Courts to sentence a defendant based on more drugs than are actually part of the count(s) of conviction is when the Court converts any monies seized from the defendant for which the defendant has no legitimate source. What this means is that in drug cases the defendant's sentencing guidelines range is often based not only on the amount of drugs seized in a search or purchased in a controlled buy or buys, but also on the testimony of cooperating witnesses.
>
>            * * *
>
> [redacted] testified that you are responsible for transporting heroin into Huntington at a very high rate. Even a conservative estimate, [redacted] alleges you caused at least 100 grams of heroin per week to be transported into Huntington from 2013 to sometime in 2016. That equates to a minimum of 5,200 grams per year. Even if you half that amount in 2013 – since the alleged conspiracy in Count One is alleged to have begun in Summer, 2013 – and you half that amount in 2016, the total amount is over 15,000 grams.

15

(Id., Document No. 214-1, pp. 5 - 6.) The record, therefore, refutes Movant's claim that Attorney Capece failed to correctly advise Movant of his sentencing exposure because counsel neither "mention[ed] to [Movant] that he would subject himself to mandatory minimum of 10-years nor did counsel mention to [Movant] that the sentencing judge must consider the relevant conduct of the alleged 15,000 grams of heroin distributed in the conspiracy." Based upon the foregoing, the undersigned respectfully recommends that Movant's above *habeas* claim be dismissed because Movant cannot establish either prong of the Strickland standard concerning the above claim.

### B.    *Attorney Farrell's alleged ineffectiveness regarding Rule 404(b) evidence:*

In his Motion, Movant alleges that Attorney Farrell was ineffective for not objecting to Rule 404(b) testimony by Ms. Thompson. (Civil Action 3:19-00876, Document No. 202, pp. 20 – 21.) Specifically, Movant complains that "the Court erred in letting the prosecution file a 'notice of intent to Introduce Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence' in regards to Tonya Thompson's testimony that the [Movant] threatened her with a gun, when even the Government conceded that the testimony was not Rule 404(b) evidence on appeal." (Id., p. 20.) Movant contends that evidence of his alleged threat to Ms. Thompson was "inadmissible due to the district court's assertion that Ms. Thompson was not a creditable witness." (Id., pp. 20 – 21.) Therefore, Movant argues that Attorney Farrell's "performance was deficient because had counsel raised this issue of the testimony not being admissible in an evidentiary before trial, then the jury would not have heard the prejudicial statements." (Id., p. 21.)

In his Affidavit, Attorney Farrell states that he "agrees that he did not object to the testimony at trial" because he "did not regard the testimony as 404(b) material as the claim of Tonya Thompson, an alleged co-conspirator, was [Movant] threatened her with a gun because she

16

failed to pay him for heroin after the police seized the money from her." (Id., Document No. 208, p. 3.) Attorney Farrell, however, explains that he established "through cross-examination that the police did not find the alleged gun in the room of [Movant], in his car or anywhere when he was arrested the same day" and that "Thompson did not tell the police or the United States of the alleged gun until shortly before trial." (Id., pp. 3 – 4.) Attorney Farrell contends that in his closing argument, he specifically addressed the gun issue and Ms. Thompson's motive to lie, which must have been persuasive because the Court did not impose an enhancement for the alleged possession or use of a gun. (Id., p. 4.)

In Response, the United States first argues that above claim was raised on direct appeal and Movant "is simply attempting to improperly relitigate the issue by way of collateral attack." (Id., Document No. 215, pp. 10 - 11.) Next, the United States contends that Attorney Farrell did not act deficient in his failure to object to Ms. Thompon's testimony as improper Rule 404(b) evidence. (Id.) The United States notes that in Attorney Farrell's Affidavit, Attorney Farrell explains that he did not object to Ms. Thompson's testimony because he did not regard this testimony as Rule 404(b) material. (Id.) The United States notes that "Attorney's Farrell's proper characterization of the evidence during trial was confirmed by the Fourth Circuit Court of Appeals in defendant's direct appeal when the Court found that 'Rule 404(b) does not apply to Thompson's testimony because it was intrinsic to the heroin-trafficking conspiracy' and 'necessary to complete the story of the crime.'" (Id.) Finally, the United States contends that Attorney Farrell details the steps he took to properly challenge Ms. Thompson's testimony at trial and sentencing. (Id.)

In his Reply, Movant continues to argue that Ms. Thompson's testimony constituted Rule 404(b) evidence. (Id., Document No. 218, pp. 1 – 9.) In support, Movant states that "[o]n January

17, 2018, the Government filed a Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) in light of a new allegation made by Tonya Thompson that [Movant] threatened to kill her while holding a gun to her head and demanding his money." (<u>Id.</u>, p. 1.) Movant argues that the United States introduced this 404(b) evidence for the purpose of introducing "new and distinct crime(s) that wasn't charged in the indictment while at the same time demonstrate to the jury that [Movant] is a violent and dangerous man who would kill a woman over drug money." (<u>Id.</u>, p. 2) Movant concludes that Attorney Farrell should have objected to Ms. Thompson's testimony. (<u>Id.</u>, pp. 3 – 4.) Finally, Movant argues that it is immaterial that he asserted the issue of Rule 404(b) evidence on appeal. (<u>Id.</u>, p. 9.) Movant argues that the current issue is whether Attorney Farrell, not the Court, acted ineffectively regarding his failure to object to the Rule 404(b) evidence at trial. (<u>Id.</u>)

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 690, 104 S.Ct. at 2065. Furthermore, it is well recognized that classic tactical decisions may be made *without* a defendant's consent. <u>See</u> <u>Sexton v. French</u>, 163 F.3d 874, 885 (4th Cir. 1998)(emphasis added). Specifically, "[d]ecisions that may be made without the defendant's consent 'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." <u>Id.</u>(citing <u>United States v. Teague</u>, 953 F.2d 1525, 1531 (11th Cir. 1992)). The undersigned cannot find that Attorney Farrell acted unreasonably in failing to object to Ms. Thompson's testimony as Rule 404(b) evidence. A review of Attorney Farrell's Affidavit reveals that he did not object to Ms. Thompson's testimony at trial because he "did not regard the testimony as 404(b) material as the claim of Tonya Thompson, an alleged co-conspirator, was [Movant] threatened her with a gun

18

because she failed to pay him for heroin after the police seized the money from her." (Civil Action No. 3:19-00876, Document No. 208, p. 3.) Furthermore, Movant cannot show that he was prejudiced. Movant's challenge to Ms. Thompson's testimony as being improper Rule 404(b) material was clearly considered and rejected by the Fourth Circuit. Specifically, the Fourth Circuit found as follows:

> We conclude that Rule 404(b) does not apply to Thompson's testimony because it was intrinsic to the heroin-trafficking conspiracy. The testimony supports the conclusion that Pippins was the leader of the conspiracy and that Thompson worked for him. The testimony was also necessary to complete the story of the crime because it explained why the administrative seizure form was found in Pippins' motel room, and the threat with the firearm was an integral and natural part of Thompson's account. We also reject Pippins' assertion that the admission of this testimony was unduly prejudicial under Fed. R. Evid. 403. Accordingly, we conclude that the district court did not plainly err in allowing Thompson to testify about the incident.

Pippins, 761 Fed.Appx. at 157. Thus, the Fourth Circuit clearly rejected Movant's above argument. Accordingly, the undersigned finds that Movant cannot establish either prong of the Strickland standard.

Finally, the undersigned finds that Movant's above argument in procedurally barred. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." The undersigned finds that the foregoing challenge to Ms. Thompson's testimony as being improper Rule 404(b) evidence was raised on appeal and rejected by the Fourth Circuit. Pippins, 761 Fed.Appx. at 157. Movant now attempts to recast, under the guise of collateral attack, a question fully considered and previously rejected by the Fourth Circuit. Therefore, Movant's above claim is procedurally barred because Movant is seeking to revisit the same issue that was addressed on

19

direct appeal without directing the Court to any intervening change in law which authorizes him to do so.

### C.    Attorney Farrell's alleged failure regarding jury instructions:

In his Motion, Movant alleges that Attorney Farrell was ineffective for failing to ensure that District Court properly instructed the jury based on Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (Civil Action 3:19-00876, Document No. 202, pp. 21 – 22.) Movant contends that "[a]lthough the District Court correctly instructed the jury as to the elements of the conspiracy, it erred by not issuing a further instruction relating to the factual predicate necessary for sentencing." (Id., p. 21.) Movant asserts that Section "841(b) has various subsections that prescribe gradations of the minimum and maximum sentences dependent on the quantity of the narcotics involved in the violation." (Id., pp. 21 – 22.) Movant alleges that Attorney Farrell "erred at sentencing in failing to argue that the District Court erred by failing to instruct the jury to determine the amount or quantity of drugs attributable to [Movant] at trial." (Id.) Movant concludes that he was prejudiced by such failure because "had counsel done so, the amount of drugs attributable to [Movant] would have been substantially less." (Id., p. 22.)

In his Affidavit, Attorney Farrell states that the "Court did instruct the jury that the Government had to prove that [Movant] conspired with others to knowingly and intentionally distribute 100 grams or more of heroin." (Id., Document No. 208, p. 6.) Attorney Farrell notes that "[t]he Court also instructed the jury on the lesser included offense of the conspiracy to distribute less than 100 grams of heroin." (Id.) Attorney Farrell explains that he argued to the jury "that there was insufficient credible evidence that [Movant] conspired to distribute 100 grams or more of

heroin" and the Untied States had not produced any physical evidence of the alleged heroin. (Id., p. 5, citing Trial Transcript p. 626.) Attorney Farrell additionally explains that his Sentencing Memorandum was "almost entirely devoted to the argument that the testimony of the trial witnesses regarding amounts of heroin was not credible, consistent, accurate or truthful." (Id.) Finally, Attorney Farrell states that he "did argue at sentencing that the verdict and the verdict form [did] not reveal the amount of heroin other than to say 100 grams or more." (Id.) Attorney Farrell contends that during the Sentencing Hearing, he argued as follows:

> I think he is going to get a new trial because we should have done something else, and I don't know whether it's a special interrogatory or what the right name for it is, but something to determine what amount of heroin was actually proven in this case rather than a summary finding of 100 grams or more.

(Id.) Attorney Farrell concludes that even though he argued at trial and sentencing that there was no credible evidence that Movant conspired to distribute 100 grams or more of heroin, the jury and District Court disagreed. (Id.)

In Response, the United States argues that the Court properly instructed the jury to determine whether Movant conspired to distribute 100 grams or more of heroin as charged in the Superseding Indictment. (Id., Document No. 215, p. 12.) The United States contends that "[t]o the extent that [Movant] argues the attribution of relevant conduct found by the Court at his Sentencing Hearing violated Apprendi, his argument is misplaced as Apprendi applies when facts not found by the jury increase a statutory maximum penalty, a situation not present in this case." (Id.) Therefore, the United States argues that Movant has failed to show any aspect of Attorney Farrell's representation was deficient. (Id., p. 13.)

In his Reply, Movant continues to argue that Attorney Farrell acted ineffective by failing to "object to the Court's warped jury instructions" as violating Apprendi and Alleyne. (Id.,

Document No. 218, pp. 12 - 19.) Specifically, Movant asserts that Attorney Farrell was incompetent by not "objecting and admonishing the Court that it is required to instruct the jury to determine the amount of drugs proven beyond a reasonable doubt that can be attributed to each individual involved in the conspiracy and/or any other enhancement that increase the mandatory minimum." (Id., pp. 12 and 17.) Movant argues that the "mandatory minimum triggered by the 100 gram threshold amount wasn't found by a jury [and] cannot stand." (Id.) Movant claims that the United States is incorrect in its claim that Apprendi and Alleyne are inapplicable because "any fact that increased the mandatory minimum is an element that must be submitted to the jury." (Id., p. 18.) Citing Paragraph 26 of Attorney Farrell's Affidavit, Movant claims that Attorney Farrell concedes that "we should have done something else . . . something to determine what amount of heroin was actually proven in this case rather than a summary finding of 100 grams or more." (Id., p. 12.) Movant concludes that because the verdict and verdict form did not reveal the amount of heroin other than to say 100 grams or more, this proves that the jury was improper instructed by the District Court. (Id., p. 13.)

The undersigned first finds that the District Court properly instructed the jury concerning the amount of drugs attributable to Movant. (Id., Document No. 208-9.) The District Court instructed the jury, in pertinent part, as follows:

> To sustain its burden of proof in connection with Count One, the government must prove the following three essential elements beyond a reasonable doubt: First, there was a conspiracy to knowingly and intentionally distribute 100 grams or more of a controlled substance; and, second, the conspiracy was entered into by two or more persons; and, third, at some time during the conspiracy, the defendant knew the purpose of the conspiracy and then deliberately joined the conspiracy.
>
> * * *
>
> [I]f you conclude the government has proved some, but not all of the elements of this crime, you may then consider whether the defendant is guilty of

conspiracy to distribute less than 100 grams of heroin. This is what is called a lesser included offense.

To find the defendant guilty of conspiracy to distribute less than 100 grams of heroin, the government must prove three elements beyond a reasonable doubt: First, that there was a conspiracy to knowingly and intentionally distribute less than 100 grams of a controlled substance; second, the conspiracy was entered into by two or more persons; and, third, at some time during the conspiracy, the defendant knew the purpose of the conspiracy and then deliberately joined it.

* * *

(Id., pp. 2 – 3.) Thus, Attorney Farrell did not act unreasonably in his failure to object to District Court's jury instructions.

To the extent Movant alleges that he was subjected to a statutory minimum sentence that was increased by facts not determined by a jury in violation of the holdings in Apprendi and Alleyne, Movant's claim is without merit. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2348(emphasis added). In Alleyne, the Supreme Court held that any fact increasing the *mandatory minimum* penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne, 570 U.S. at 99, 133 S.Ct. at 2151(emphasis added). Alleyne is an extension of Apprendi. The sentence authorized by Movant's jury conviction of Count One was five years to 40 years imprisonment. See 18 U.S.C. §§ 846 and 841(b)(1)(B). Due to the Section 851 Information, Movant's sentencing exposure was enhanced to 10 years to Life imprisonment. The District Court sentenced Movant to a 240 month term of imprisonment. Thus, Movant's sentence quite clearly did not exceed the *maximum* penalty authorized in view of his conviction based upon Apprendi. See United States v. Hughes, 401 F.3d 540, 553 (4th Cir. 2005)(stating that the maximum sentence authorized by a jury verdict "is, of course, the maximum set forth in the statute of conviction"); United States v. Green, 163 Fed.Appx.

23

221, 223 (4th Cir. 2006)(finding that *Booker* held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range). Movant, however, appears to complain that his mandatory minimum sentence was improperly increased by the District Court's drug quantity determination in violation of <u>Alleyne</u>. According to evidence and trial testimony, the District Court attributed Movant with 5,062.76 grams (5.06 kilograms) of heroin. (Criminal Action No. 3:17-00007, Document No. 187, p. 9.) Pursuant to U.S.S.G. § 2D1.1, an offense involving at least 3 kilograms of heroin but less than 10 kilograms of heroin has a base offense level of 32. Thus, Movant's Base Offense Level was determined to be 32. Movant appears to contend the increase in his Base Offense Level due to the drug weight attributed by the District Court resulted in Movant being subjected to a 10-year statutory minimum.[5] The record, however, reveals that Movant was subjected to a 10-year mandatory minimum based upon Section 851 and his prior controlled substance convictions in Michigan. Movant is incorrect in his argument that the District Court's determination, instead of the jury's determination, of the drug quantity resulted in a violation of <u>Apprendi</u> and <u>Alleyne</u>. In the instant case, there is no <u>Apprendi</u> or <u>Alleyne</u> violation because the District Court's determination of the drug quantity did not increase Movant's statutory mandatory minimum or maximum sentence. <u>See</u> <u>United States v. Curry</u>, 792 Fed.Appx. 267, 268 (4th Cir. 2020)(finding no *Apprendi* or *Alleyne* violation where "[t]he district court's drug quantity determination at the original sentencing (and upon consideration of his FSA motion) did not increase Curry's statutory mandatory minimum or maximum sentence, but rather was used

---

[5] The District Court determined that Movant had a Base Offense level of 32, a Total Offense Level of 36, Criminal History Category of III, resulting in an *advisory* Guideline range of 235 to 292 months of imprisonment.

24

only to determine his advisory Guideline range."); Brooks v. United States, 2019 WL 4054979 (S.D.W.Va. Aug. 27, 2019)(J. Goodwin)("[F]or guideline purpose, it is permissible for the district court to make a finding of the drug quantity by a preponderance of the evidence, so long as the quantity results in a sentence within the statutory maximum.")(citing United States v. McAllister, 272 F.3d 228, 232 (4th Cir. 2001)).

As explained above, Movant's statutory minimum and maximum sentences were increased based upon the filing of the Section 851 Information. On May 13, 2013, the United States filed an Information seeking enhanced penalties pursuant to 21 U.S.C. § 851 by virtue of Movant's prior controlled substance convictions in Michigan. (Case No. 3:17-cr-0007, Document No. 100.) Specifically, the Information stated that (1) on February 22, 2000, Movant was convicted in the Sixth Judicial Circuit Court of Oakland County, Michigan of a felony drug offense, to wit: delivery/manufacture of marijuana, in violation of Michigan Complied Laws Annotated Section 333.7401(2)(d)(iii) as charged in Case No. 2000-170685-FH; and (2) on July 27, 2001, Movant was convicted in the Sixth Judicial Circuit Court of Oakland County, Michigan of a felony drug offense, to wit: delivery/manufacture of a controlled substance (narcotic) less than 50 grams, in violation of Michigan Complied Laws Annotated Section 333.7401(2)(a)(iv) as charged in Case No. 2001-179416-FH. (Id.) The record reveals that Movant's sentence was enhanced in the underlying criminal proceedings pursuant to 21 U.S.C. § 851. Title 21 U.S.C. § 841(b)(1)(B) provides that if a defendant is convicted of knowingly and intentionally manufacturing, distributing, or possessing with intent to distributed 100 grams or more of a mixture or substance containing a detectable amount of heroin, and commits such a violation after a prior conviction for a felony drug offense has become final, "such person shall be sentenced to a term of imprisonment

which may not be less than 10 years and not more than life imprisonment."[6] To the extent Movant may be alleging that his prior conviction was not presented to the jury in violation of <u>Alleyne</u>, the undersigned will briefly consider the issue. It is well recognized that <u>Alleyne</u> decision does not require that the fact of a prior conviction be found by jury. <u>See</u> <u>Alleyne</u>, 570 U.S. at 111, 133 S.Ct. at 2160, n. 1(noting that in <u>Almendarez-Torres</u>, the Court recognized a narrow exception to the general rule for the fact of a prior conviction and the Court declined to revisit the issue); <u>United States v. Washington</u>, 674 Fed.Appx. 262, 264 (4th Cir. 2014)(finding that <u>Alleyne</u> "did not disturb [the <u>Almendarez-Torres</u>] exception and does not require prior convictions to be alleged in an indictment and submitted to the jury."); <u>United States v. Williams</u>, 554 Fed.Appx. 128, 131 (4th Cir. Feb. 4, 2014)("*Alleyne* did not address, much less overrule, the exception for the use of prior convictions to enhance a sentence that was recognized by the Supreme Court in *Almendarez-Torres*."); <u>Whitt v. United States</u>, 2015 WL 4545896, * 8 (D.S.C. July 28, 2015)("To the extent the court engaged in fact-finding with respect to Movant's prior felony drug offense, *Alleyne* did not overturn the general rule that the fact of a prior conviction is a sentencing factor and not an element of the offense."); <u>Boyd v. United States</u>, 2015 WL 506481, * 5 (W.D.N.C. Feb. 6, 2015)("[T]he *Alleyne* decision makes it clear that the "fact" of a prior conviction is not an element that must be found by a jury."); <u>Coleman v. United States</u>, 2014 WL 1254102, * 2 (E.D.Va. March 26, 2014)(rejecting Movant's *Alleyne* argument that his prior conviction must be presented and jury.). Thus, Movant is not entitled to *habeas* relief based upon <u>Alleyne</u> or <u>Apprendi</u>. Furthermore, Attorney Farrell's failure to challenge the District Court's jury instruction based upon <u>Alleyne</u> and <u>Apprendi</u> was not unreasonable nor was Movant prejudiced by counsel's failure.

---

[6] Movant also pled guilty to two counts of violating 21 U.S.C. §841. The Section 851 enhancement increased the maximum term of imprisonment on each count to 30 years.

Based upon the foregoing, the undersigned finds that Movant cannot demonstrate that Attorney Capece or Attorney Farrell's conduct fell below an objective standard of reasonableness or that Movant's was prejudiced by counsel's failure. The undersigned, therefore, respectfully recommending that Movant's Section 2255 Motion be denied.

**2.** <u>**Request for Evidentiary Hearing**</u>:

Throughout his Section 2255 Motion, Movant contends that he is entitled to an evidentiary hearing. (Civil Action No. 3:17-0007, Document No. 202.) A Section 2255 Motion may be resolved without an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); <u>See</u> <u>United States v. Mitchell</u>, 484 Fed.Appx. 744, 745 (4th Cir. 2012). In the above action, the undersigned finds that an evidentiary hearing is not necessary because the submissions of the parties and the record clearly demonstrates that Movant is not entitled to relief on any of his claims. Therefore, the undersigned finds that Movant's request for an evidentiary hearing should be denied.

<u>**PROPOSAL AND RECOMMENDATION**</u>

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 202) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 17, 2022.



Omar J. Aboulhosn
United States Magistrate Judge